UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HOUSTON JACKSON                                              CIVIL ACTION

VERSUS                                                       NO. 11-1625

BURL CAIN                                                    SECTION "S"(1)

## TRANSFER ORDER

Petitioner, HOUSTON JACKSON, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1998 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) The prosecution introduced into evidence an unduly prejudicial photograph;

2) "Other crimes" evidence was wrongly admitted at trial;

3) Petitioner received ineffective assistance of counsel on appeal;

4) There was insufficient evidence to support petitioner's convictions;

5) Petitioner's due process rights were violated by the cumulative effect of the wrongful admission of inconsistent statements; and

6) The trial court erroneously denied a defense motion for a mistrial based on the prosecution's repeated references to inadmissible hearsay.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Houston Jackson v. Burl Cain, Warden, Louisiana State Penitentiary, et al.</u>, Civil Action 05-3991 "S"(1). In that petition, petitioner raised the same grounds for relief:

1)  The prosecution introduced into evidence an unduly prejudicial photograph;

2)  "Other crimes" evidence was wrongly admitted at trial;

3)  Petitioner received ineffective assistance of counsel on appeal;

4)  There was insufficient evidence to support petitioner's convictions;

5)  Petitioner's due process rights were violated by the cumulative effect of the wrongful admission of inconsistent statements; and

6)  The trial court erroneously denied a defense motion for a mistrial based on the prosecution's repeated references to inadmissible hearsay.

That petition was dismissed as untimely by Judgment entered March 6, 2006. Petitioner appealed the judgment. The court of appeals denied petitioner's motion for a certificate of appealability. Rec. Doc. No. 21.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1)  the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2)  (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that HOUSTON JACKSON's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this ___21st___ day of _____July_____, 2011.

_____
UNITED STATES DISTRICT JUDGE